IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ALVIN J. FREEMAN, etc.,          )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No.  10 C 8141
                                 )
UNITED STATES POSTAL SERVICE,    )
et al.,                          )
                                 )
            Defendants.          )
```

MEMORANDUM OPINION AND ORDER

This memorandum opinion and order is issued sua sponte to address some problematic aspects of the Answer just filed by the United States in response to the Federal Tort Claims Act ("Act") complaint brought against it by Alvin Freeman, Executor of the Estate of decedent Chavonne Freeman. More particularly, those problems are posed by what are labeled as the First Defense through the Fifth Defense--clearly intended as affirmative defenses ("ADs")-- that precede the Answer itself.[1]

First, however, the Answer at 1 n.1 correctly states that the United States is the only proper defendant under the Act.

---

[1] In this Court's experience, the United States Attorney's office is one of the few law offices (or perhaps even the only one) that files responsive pleadings with the purported ADs set out before the answer itself. That practice is certainly a permissible (indeed, maybe the more logical) reading of Fed. R. Civ. P. ("Rule") 8(b)(1), which speaks first of a defendant stating "its defenses" (Rule 8(b)(1)(A)) and then calls on defendant to "admit or deny the allegations asserted against it by an opposing party" (Rule 8(b)(1)(B). But as already stated, despite that sequential listing federal practitioners typically carry out the latter task first, before setting out any ADs.

Accordingly the United States Postal Service, listed first in the case caption, is dismissed as a defendant.

As for the ADs, however, they bear all the earmarks of a canned responsive pleading lodged somewhere in a government computer. And the uniform practice referred to in this opinion's n.1 would seem to confirm this Court's supposition.

More importantly, though, the ADs that form part of that pleading are out of sync with the universal principle that an AD admits the allegations of a complaint but then states a reason for the pleading defendant's nonliability or its lesser liability than the plaintiff would claim--see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In this instance:

> 1. AD 2 is totally at odds with the Complaint's allegations, and it is therefore stricken.[2]
>
> 2. AD 3's assertion that some claimed fault and negligence on the part of plaintiff's decedent "was the proximate cause" of her injuries and her consequent damages is defective for the same reason. That statement is also stricken, although the AD's assertion of contributory negligence may stand.

---

[2] That of course costs the United States nothing, because its Answer has expressly denied the Complaint's allegations to the contrary. That however does not excuse counsel's inattention to the operative rules and standards.

3. AD 4 looks to be absurd boilerplate. In a situation in which a postal truck admittedly rear-ended the vehicle occupied by the decedent (Answer ¶10), resulting in her death, just how pray tell can the decedent be said to have "failed to mitigate her damages"? AD 4 too is stricken, but this time without prejudice to its possible reassertion if it were coupled with an explanation of a good faith belief (both subjective and objective) that supports it (see Rule 11(b)).

This Court regrets having to write an opinion of this critical nature. It is better to do so, however, than to permit such questionable pleading habits to go unchecked.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 30, 2011